Jack Lloyd MORRIS, Petitioner–
Appellant,

v.

Steve CAMBRA, Warden; Attorney
General of the State of California,
Respondents–Appellees.

No. 99–56296.
D.C. No. CV–97–00765–R.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001 [1].

Decided Feb. 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2). Morris' request for oral argument is therefore denied.

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

California state prisoner Jack Lloyd Morris appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

■ Pursuant to this court's April 25, 2000, certificate of appealability, Morris raises three contentions. We review de novo the district court's denial of a § 2254 petition, *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir.2000), and where, as here, the district court is presented with a state court decision "unaccompanied by any ratio decidendi," we independently review whether the state court clearly erred, *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–55 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

■ First, Morris contends that the trial court's jury instruction on aiding and abetting culpability improperly omitted the requirement that he must share the specific intent of the principal perpetrator, *People v. Beeman*, 35 Cal.3d 547, 199 Cal. Rptr. 60, 674 P.2d 1318 (1984), and thus deprived him of a fair trial. We conclude, however, that any error was harmless because Morris presented an alibi defense and did not assert a lack of intent. *Hart v. Stagner*, 935 F.2d 1007, 1013 (9th Cir. 1991).

■ Next, Morris contends that he received ineffective assistance of trial counsel because counsel failed to have fingernail scrapings and hair samples taken from him five to six days after the crime examined by a forensic expert. Given the delay, and since any negative test results would not have been inconsistent with Morris' participation in the crime, Morris has not shown prejudice because he cannot establish a reasonable probability that the result of the trial would have been different. *Wilson v. Henry*, 185 F.3d 986, 988 (9th Cir.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984)). Moreover, the weight of the eyewitness testimony, which the jury necessarily believed, supports Morris' guilt. The district court, therefore, properly denied relief as to this contention. *See Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000).

■ Morris also contends that counsel was ineffective for failing to have fingernail scrapings taken from the victim examined. This contention fails because negative test results would not have been inconsistent with Morris' participation, since there is no evidence that the victim struggled with Morris. Therefore, the district court properly determined that the state court's denial of this contention was not clearly erroneous because Morris has not established prejudice. *Wilson*, 185 F.3d at 988; *Weighall*, 215 F.3d at 1062.[3]

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. As to Morris' contention that counsel was ineffective for failing to have hair samples taken from the victim tested, we reject this contention because there is no evidence in the record that such samples were ever taken. *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994).

 Finally, Morris contends that the prosecution withheld exculpatory evidence consisting of fingernail scraping and hair samples, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We conclude that such evidence was not material because, based upon the eyewitness testimony adduced at trial, in addition to the reasons discussed above, there is little or no reasonable probability that, had the evidence been produced, the result of the trial would have been different. *United States v. Agurs,* 427 U.S. 97, 109–10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (stating that the mere possibility that an item of undisclosed evidence might have affected the outcome of the trial does not establish materiality in the *Brady* context). The district court, therefore, properly determined that the state court's denial of this claim was not clearly erroneous, and thus its denial of this claim was appropriate. *Van Tran,* 212 F.3d at 1153–54.[4]

AFFIRMED.

---

4. All pending motions are denied.